```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 GULCHEHRA YUSUPOV,

                  Plaintiff,              MEMORANDUM & ORDER
                                             21-CV-4066(EK)
         -against-

 ALEJANDRO MAYORKAS, et al.,

                  Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Gulchehra Yusupov commenced this action in July 2021, seeking to compel the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her I-485 application for adjustment of status. On September 14, 2021, however, USCIS initiated adjudication of Plaintiff's application by extending her an interview notice. As a result, I issued an Order to Show Cause as to why this case should not be dismissed as moot, and directed the parties to file letter-briefs on that issue. Before the Court are the parties' opposing letter-briefs. Because USCIS has acted in response to Plaintiff's I-485 application, this action is dismissed as moot.

## I. Background

        Plaintiff is an Uzbek national who entered the United States in 2010. Complaint ("Compl.") ¶¶ 1, 14, ECF No. 1. In September 2016, Plaintiff filed two documents relating to her

immigration status: Form I-360 ("Petition for Amerasian, Widow(er), or Special Immigrant"), and Form I-485 ("Application to Register Permanent Residence or Adjust Status"). *Id.* ¶ 14. The agency approved her I-360 petition in October 2017. *Id.*; *see also* ECF No. 1-2 (copy of approval of Plaintiff's I-360 petition). In June 2018, Plaintiff sat for her initial I-485 interview. Compl. ¶ 14.

Plaintiff filed suit in July 2021. She asserts that, as of the date of her complaint, the agency had taken no further action on her I-485 application in violation of the "the Government's own regulations and procedures." *Id.* ¶ 25. On September 14, 2021, however, USCIS issued Plaintiff an interview notice regarding her application, with an interview date of October 28, 2021. *See* ECF No. 7-1. Neither party has communicated to the Court that this interview did not take place.

## II. Discussion

The Court's ability to entertain this action hinges on whether the agency's issuance of an interview notice renders it moot. The doctrine of mootness is "based upon the case or controversy requirement of Article III of the Constitution." *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 n. 2. Once a case is moot, "federal courts lack subject matter jurisdiction" over it. *Id.* at 140 (cleaned up). "The hallmark

2

of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  In the immigration context, an "agency's refusal to act" on an application for adjustment of status is a "prerequisite for the existence of a case or controversy."  *Meixian Ye v. Kelly*, 17-CV-3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017).

Here, the agency has acted on Plaintiff's application by issuing her an interview notice.  *See Markandu v. Thompson*, No. 07-CV-4538, 2008 WL 11510675, at *3 (D.N.J. June 11, 2008) (citing cases from across the country for the proposition that an application to compel agency action in the immigration context becomes moot "once the agency begins to spin its bureaucratic cogs toward decision").  As Defendants note, the interview is a prerequisite to "further steps in the adjudicative process."  ECF No. 8.  Thus, once the agency extended the interview notice, the "ball [was] in [Plaintiff's] court."  *Meixian Ye*, 2017 WL 2804932, at *1; *see also Ovechkina v. Chertoff*, No. 07-CV-716, 2008 WL 4425917, at *3 (D. Conn. Sept. 24, 2008) (plaintiff's claim moot given that agency acted on her application by, among other things, scheduling an interview).

Plaintiff contends in her brief that her case should not be dismissed as moot at this stage because USCIS has not yet

issued a decision on her application. *See* ECF No. 7. But a decision on the application itself is not necessary to deprive the Court of jurisdiction on mootness grounds. Courts in this District have held, by way of example, that the agency's issuance of a "request for evidence," which also does not resolve the underlying application, moots a plaintiff's request to compel agency action. *See, e.g.*, *Lin v. Johnson*, No. 19-CV-2878, 2019 WL 3409486, (E.D.N.Y. July 29, 2019). By issuing Plaintiff the interview notice, the agency has initiated action.[1]

### III. Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

           /s/ Eric Komitee
           ERIC KOMITEE
           United States District Judge

Dated:     December 23, 2021
           Brooklyn, New York

---

[1] This dismissal is without prejudice to further action in the case of future delay that might satisfy the applicable jurisdictional requirements. *Meixian* Ye, 2017 WL 2804932, at *2 ("If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay.").